UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HUAIEN LIU, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 20-11519-LTS |
| ANTONE MONIZ, | ) ) ) | |
| Respondent. | ) ) ) | |

ORDER ON HABEAS PETITION (DOC. NO. 1)
AND MOTION TO DISMISS (DOC. NO. 8)

October 1, 2020

SOROKIN, J.

Huaien Liu is a citizen of China who came to the United States legally as a nonimmigrant visitor in 2016. He overstayed his period of lawful admission. After being arrested and charged with a crime, immigration officials detained him on November 20, 2019 pending removal proceedings. The record before the Court does not reflect the outcome of Liu's criminal case. An immigration judge ordered Liu's removal on January 13, 2020. Liu waived his appeals, rendering the immigration judge's order a final order of removal. He has been incarcerated at the Plymouth County Correctional Facility ("PCCF") since his November arrest.

Starting promptly after his removal order became final, Immigration and Customs Enforcement ("ICE") obtained a valid passport for Liu and began attempting to effect his removal.[1] The COVID-19 pandemic and resulting travel restrictions have complicated ICE's

---

[1] These efforts are outlined in several submissions by the respondent that include declarations submitted by Supervisory Detention and Deportation Officer Yolanda Marfissi (of ICE's Burlington, Massachusetts office) and Detention and Deportation Officer Yolanda Harrison (of

efforts. ICE first scheduled Liu for removal to China on a February 6, 2020 flight, but that flight was cancelled when commercial travel to China was suspended due to the pandemic until mid-May. When it resumed, ICE promptly attempted to schedule Liu for the first available flight to China, set to depart on June 22, 2020. That flight was cancelled and rescheduled by the airline four times: first to July 9, then July 16, then August 6, and then September 10, 2020. The September flight also was cancelled, and Liu's removal was rescheduled for October 5, 2020. But that flight, too, was cancelled. The next flight ICE was able to book for Liu's removal to China is scheduled for November 2, 2020.

To expedite his own removal, Liu, with the assistance of friends and family, attempted to arrange for his departure on an October 7, 2020 flight to China, via South Korea. However, ICE was unable to obtain the necessary approvals for this plan, so Liu's removal will not take place until November 2, 2020 (at the earliest). Meanwhile, he remains detained at PCCF.

ICE has not successfully completed any removals to China since January 27, 2020. Such removals were suspended from January 29 to May 13, 2020 due to the pandemic. Despite the lifting of that suspension and the reopening of Chinese airports to commercial flights, no Chinese citizen has been removed to China by ICE in more than eight months. The reason Liu is subject to removal is apparent from the record, as is the reason for ICE's inability to accomplish that removal to date. The reason ICE believes its attempt to remove Liu in November will succeed where the last seven attempts have failed, however, is not.

Liu filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court on August 13, 2020. Doc. No. 1. He challenges his detention under Zadvydas v. Davis, 533

---

the Removal Management Division at ICE Headquarters in Washington, D.C.). Doc. Nos. 9-1, 10-1, 13-1, 16-1.

U.S. 678 (2001), alleging his detention is both prolonged and indefinite, and seeking release or a bond hearing.  The respondent moved to dismiss Liu's petition on September 4, 2020, arguing it has made reasonable efforts to remove him and that his removal is likely to occur in the reasonably foreseeable future, citing the then-scheduled early October flight.  Doc. Nos. 8, 9.  Less than a week later, the respondent notified the Court of that flight's cancellation.  Doc. No. 10.  Thereafter, the Court ordered the respondent to provide information about the status of removals to China generally in 2020.  Doc. No. 11.  The respondent complied, also notifying the Court of Liu's own efforts to secure a flight to China via a plan that ICE was then reviewing.  Doc. No. 13.  Three days after that submission, the respondent notified the Court that ICE had not approved Liu's proposal, and that the next available flight it could secure for his removal was in November.  Doc. No. 16.  The Court has carefully considered all submissions by both parties.

In Zadvydas, the Supreme Court "recognize[d]" that six months is a "presumptively reasonable" period of time to detain an individual subject to a final order of removal, in order to effectuate his or her removal.  533 U.S. at 701.  "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id.  Moreover, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."  Id.  Although the government is not required to release all individuals subject to removal at the expiration of six months, detention must end when "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.

Based on the record before the Court, this Court is satisfied that Liu has provided "good reason to believe that" his removal to China is not reasonably foreseeable.  This showing arises

from the facts alleged in Liu's petition, and is not only corroborated but substantially enhanced by the respondent's own submissions detailing the seven times ICE has scheduled Liu's removal, only to have the flights cancelled due to persistent COVID-19-related travel restrictions and complications.  It is further supported by ICE's recent inability to procure the necessary approvals for Liu to essentially remove himself via a privately arranged flight.  Although Liu has not resisted removal at any point since the immigration judge ordered it nine months ago, notwithstanding repeated attempts by ICE to schedule Liu's removal, and despite Liu's cooperation and willingness to facilitate his own removal, flights to China continue to be cancelled.  ICE hopes the result will be different in November, but nothing in the record—and nothing about the status of the pandemic and its progress generally—provides a basis to endorse ICE's optimism by permitting Liu's continued detention.  The prospect of a flight a month from now, considered against the backdrop of the seven cancellations that have accrued to date, is not sufficient, particularly where the most recent cancellation occurred only weeks ago.  This is especially the case where, as here, there are no facts submitted establishing a significant likelihood that the November flight will proceed as planned or that ICE will be able to effectuate Liu's removal in any reasonably foreseeable time.[2]

Accordingly, the motion to dismiss (Doc. No. 8) is DENIED, and Liu's petition (Doc. No. 1) is ALLOWED.[3]  **ICE shall RELEASE Liu from detention by 12:00 PM tomorrow,**

---

[2] ICE also suggests Liu is a threat to public safety because he was arrested on a criminal charge.  The Constitution, even for noncitizens, presumes Liu innocent of these charges.  Nothing in the record indicates Liu has been convicted of these charges nor has ICE offered evidence of the circumstances of this alleged offense.  Thus, even assuming without deciding that the Court could deny release on this basis, the record evidence fails to support the contention.

[3] In these circumstances and on this record, no further information or argument is necessary to resolve the merits of Liu's petition.

**October 2, 2020**, subject to whatever reasonable conditions of supervision it deems necessary to ensure his availability for and cooperation with continued efforts to effectuate his removal.

                                          SO ORDERED.

                                          /s/ Leo T. Sorokin
                                        United States District Judge